UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREDDY S. RUSSO,

      Appellant,

        -v-                                  **MEMORANDUM AND ORDER**
                                             1:23-CV-02359-OEM

WELLS FARGO N.A.,

      Appellee.
------------------------------------------------------------------------X
**ORELIA E. MERCHANT, United States District Judge:**

Appellant Freddy S. Russo ("Appellant Russo" or "Russo"), proceeding pro se, appeals two orders from the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* Specifically, Russo appeals the Honorable Elizabeth S. Stong's order granting the motion for relief from the bankruptcy stay concerning 38-38 214th Place, Bayside, NY 11361 ("Stay Relief Order") dated March 8, 2023, and order denying Russo's motion to object to Claim No. 1 filed by Select Portfolio Servicing, Inc., in the amount of $1,085,571.65 ("Proof of Claim Order") dated April 19, 2023. *In Re Russo*, Case No. 22-41920 (Bankr. E.D.N.Y 2022) (Stong, J). These two appeals have been consolidated into one action in the district court under the lead case.[1] For the reasons set forth below, the Court affirms both orders.

---

[1] On June 20, 2023, before this action's reassignment to the undersigned, Judge Gujarati directed the consolidation of the two actions be entered into the earliest filed action, *Russo v. Wells Fargo Bank N.A*., No. 23-CV-02359, as the leading case ("Main Case" or "Automatic Stay Appeal"), and the member case being 1:23-CV-03133 ("Proof of Claim Appeal" or "Member Case"). As a result, the parties' briefing was filed in the Main Case. *See* ECF 10, 12, and 13. The Bankruptcy Record ("R.") is docketed in the Main Case. *See* R., ECF 3.

**BACKGROUND**

A.  **Note and Assignment of Mortgage**

Appellant Freddy S. Russo owns a property located at 38-38 214th Place, Bayside (Queens County), New York (the "Property").  These proceedings arise from the undisputed default by Russo and co-borrower Juana F. Russo ("Juana") on a note and mortgage (the "Note" and "Mortgage") that secured the Property.  Appellee Wells Fargo N.A. Bank ("Appellee" or "Wells Fargo") is the current owner and holder of the Note and Mortgage, entitled to enforce the terms, which includes the right to pursue foreclosure with respect to the Property.

On June 30, 2004, Russo and Juana executed and delivered the Note, pursuant to an agreement that they were to repay First Franklin Financial Corp. ("FFFC") the principal sum of $551,500.00, with interest accruing at the yearly rate of 6.5 percent.  *See* Main Case, R., ECF 3, at 194-196.[2]  The Note was originally endorsed on behalf of the original lender, FFFC.  R. at 196. Simultaneously, on June 30, 2004, the Mortgage was also executed, and was then signed by Russo and Juana and notarized on July 8, 2004.  R. at 197-213.  On October 28, 2004, the Mortgage was filed and recorded with the Office of the City Register of the City of New York City.  *Id*. at 197.

Pursuant to a written assignment dated August 31, 2010, FFFC assigned the Note and Mortgage to Wells Fargo.  *Id*. at 216.  Thereafter, on September 28, 2010, the written assignment was filed and recorded with Office of the City Register of the City of New York City.  *Id.* at 214. Wells Fargo is now the holder of the Note.  *Id*. at 243, 245.  As of April 1, 2009, Russo and Juana have continued to default on their mortgage payments that are due under the Note and Mortgage terms.  *Id.* at 191, 244, 400.  The default has not been cured.

---

[2] The pagination cited regarding all ECF documents' subparts/attachments thereto are identified by the specific Page ID#, which is located on the top right of each document filed to ECF.

### B.  Procedural History

#### 1.  State Foreclosure Action

As a result of Russo and Juana's default, Wells Fargo commenced a mortgage foreclosure action in New York State Supreme Court, Queens County, on September 22, 2010.  R. at 134-149, 303.  In the state court foreclosure action Russo attempted to contest the foreclosure and sought dismissal of that action.  *Id.* at 303-04.  On April 8, 2019, the state court issued a judgment of foreclosure and sale in Wells Fargo's favor.  *Id.* at 303-13.  According to the judgment, Wells Fargo is permitted to sell the Property at a foreclosure auction and apply the sale proceeds to the amounts set forth in the judgment.  *Id.* at 305-11.

#### 2.  Bankruptcy Court Proceedings

On August 8, 2022, Russo filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York.  R. at 328.  On September 29, 2022, Select Portfolio Servicing, Inc. ("SPS"), acting as Wells Fargo's mortgage servicer, filed a proof of claim in the bankruptcy case based upon its status as a secured creditor through the mortgage, which encumbers the Property.  *Id.* at 243, 248-301.  The amount stated in the proof of claim was $1,085,571.65 (as of the bankruptcy petition date).  *Id.* at 219, 249, 251.

#### 3.  Underlying Bankruptcy Petition

##### a.  Russo's Objection to Proof of Claim

On December 16, 2022, Russo filed a motion seeking an order to disallow SPS' proof of claim ("Proof of Claim") in the amount of $1,085,571.65 ("Claim 1").  R. at 71.  The matter was fully briefed and argued before the Bankruptcy Court on February 27, 2023.  *See* Member Case, Proof of Claim Order, ECF 1, at 5.  On April 19, 2023, the Bankruptcy Court denied Appellant

Russo's objection to the proof of claim. *Id.* at 10. Specifically, Judge Stong ordered, in pertinent

part:

> . . . that the [Appellant] Debtor's Motion to Object to Claim 1 is denied, on grounds
> that the Debtor has not provided evidence sufficient to overcome the presumption
> of prima facie validity that has been established by Select Portfolio Servicing, Inc.
> under Bankruptcy Rule 3001(d); and it is further
>
> ORDERED, in the alternative, for the reasons stated herein, and based on the entire
> record, that the Debtor's Motion to Object to Claim 1 is denied, on grounds that
> under the *Rooker-Feldman* doctrine, it is appropriate for this Court to decline to
> exercise jurisdiction to review a final judgment entered in the New York Civil
> Court, Queens County action.

*Id.*

### b.  SPS & Wells Fargo's Motion for Relief from the Bankruptcy Stay

On January 3, 2023, SPS, on behalf of Wells Fargo, filed a motion for relief from the

Bankruptcy Code's automatic stay, *see* 11 U.S.C. § 1301, ("Stay Relief Motion") to pursue

foreclosure of the Property pursuant to the judgment issued in the state court foreclosure action.

R. at 188-89. On February 14, 2023, Russo filed an "Objection and Notice of Cross Motion" in

response to the Stay Relief Motion. *See* Main Case, Stay Relief Order, ECF 1, at 4. On February

21, 2023, the Bankruptcy Court held a hearing on the Stay Relief Motion at which SPS, Russo,

and the Chapter 13 Trustee appeared and were heard; the Court closed the record and reserved the

decision. *Id.* On March 8, 2023, the Bankruptcy Court granted the motion for relief from the

bankruptcy stay for cause. *Id.* at 11-12. In granting the motion and modifying the stay, Judge

Stong ordered:

> [F]or the reasons stated herein, and based on the entire record that the automatic
> stay is modified for cause under Bankruptcy Code Section 362(d)(1) on grounds
> that as a consequence of the Debtor's failure to make post-petition payments, Select
> Portfolio Servicing, Inc.'s interest in the Property is not adequately protected, and
> Select Portfolio Servicing, Inc. may pursue its rights under applicable law

concerning the Property, including in connection with the New York Civil Court, Queens County action, and it is further

ORDERED, in the alternative, for the reasons stated herein, and based on the entire record, that the automatic stay is modified for cause under Bankruptcy Code Section 362(d)(1) because under the *Rooker-Feldman* doctrine, it is appropriate for the Court to decline to exercise jurisdiction to review a final judgment entered in the New York Civil Court, Queens County action.

ORDERED, that for the reasons stated herein and based on the entire record, that the automatic stay is modified for cause as to the Co-Obligor under Bankruptcy Code Section 1301(c) on grounds that the Co-Obligor received consideration for SPS's claim, and that SPS's interest in the Property would be irreparably harmed.

*Id.*

### 4. Appellant Russo's Instant Appeals

On March 22, 2023, Appellant Russo filed a Notice of Appeal from the Stay Relief Order. *See* Main Case, Appellant's Notice of Automatic Stay Order Appeal, ECF 1, at 1. On April 21, 2023, Russo filed a Notice of Appeal from the Proof of Claim Order. *See* Member Case, Appellant's Notice of Proof of Claim Order Appeal, ECF 1, at 1,16. On May 17, 2024, Russo filed a Motion to Consolidate Cases on the docket of the Main Case. *See* Main Case, Appellant's Motion to Consolidate Appeals ("App. MCA"), ECF 4. On June 20, 2024, the prior district court Judge assigned to this case granted Russo's motion. *See* Main Case, Order dated June 20, 2023, Docket Entry.

Appellant Russo served and filed his corrected consolidated brief on July 7, 2023. *See* Main Case, Appellant's Brief ("App. Brief"), ECF 10. Appellee Wells Fargo served and filed its consolidated opposition on August 7, 2023. *See* Main Case, Appellee's Opposition Brief ("Opp."), ECF 12. Appellant Russo then filed his reply on August 21, 2023. *See* Main Case, Appellant's Reply ("App. Reply"), ECF 13.

## STANDARD OF REVIEW

This Court has subject matter jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a).  On an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Bernard L. Madoff Inv. Sec., LLC*, 2016 U.S. Dist. LEXIS 4655, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd*, 697 F. App'x 708 (2d Cir. 2017).  A district court "need not agree with every conclusion reached by the Bankruptcy Court and may affirm the decision on any ground supported in the record." *In re Caldor, Inc.-NY*, 199 B.R. 1, 2 (S.D.N.Y. 1996), *aff'd sub nom Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646 (2d Cir. 1997); *Zubair v. Fay Servicing, LLC (In re Zubair),* No. 20-CV-8829 (VB), 2021 U.S. Dist. LEXIS 207717, at *10 (S.D.N.Y. Oct. 26, 2021).

On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo* and its factual findings for clear error.  *See In re Pinnock*, 833 F. App'x 498, 500 (2d Cir. 2020) (engaging in *de novo* review of the district court's review of a bankruptcy court decision noting that the Second Circuit "appl[ies] the same standard of review employed by the district court to the decision of the bankruptcy court." (quoting *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382, 387 (2d Cir. 2018))).  A finding of fact is clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *In re Thakur*, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting *In re AMR Corp.*, 490 B.R. 470, 475 (S.D.N.Y. 2013)); *Glassman v. Feldman*, No. 19-CV-5002, 2020 U.S. Dist. LEXIS 192308, 2020 WL 6119270, at *4 (E.D.N.Y. Oct. 16, 2020).  "[T]he Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Miller*, Nos. 08–CV–4305 (JGK), 08–

CV–4306 (JGK), 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009); *Bristol v. DeRosa*, No. 09-CV-3730 (JFB), 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010); *Wenegieme v. Macco*, 580 B.R. 17, 21 (E.D.N.Y. 2018).

This Court is required to construe pleadings "filed by pro se litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'" *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023); *see also In re Buczek*, No. 22-1920-BK, 2023 WL 6618901, at *1 (2d Cir. Oct. 11, 2023) (applying the same standard to pro se bankruptcy appeal). A pro se pleading is also held "to less stringent standards than formal pleadings drafted by lawyers." *Russell v. Karamingos*, No. 23-CV-8099(PKC)(LB), 2023 WL 7300613 at *1 (E.D.N.Y. Nov. 6, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

### A. Appellant Russo's Challenge to Proof of Claim

Appellant Russo claims the Bankruptcy Court erred by denying his objection to Wells Fargo's Proof of Claim as a secured creditor. *See* App. Brief at 520-21. In substance, Russo contends that the Note and Mortgage are defective[3] and a product of fraud and, accordingly, neither Wells Fargo, nor SPS as their servicer, have a valid Proof of Claim on his estate, i.e., the Property. *Id.* This argument is without merit as Wells Fargo/SPS has carried its burden of demonstrating a prima facie case of validity and Russo has not sufficiently proffered evidence to refute the validity of the claim. *See Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).

Under 11 U.S.C. § 501(a), a creditor may file a proof of claim which serves as a written statement of the creditor's claim against a debtor's bankruptcy estate. *See id.* "A servicer of a mortgage is clearly a creditor and has standing to file a proof of claim against a debtor pursuant to

---

[3] Russo alleges there is an inconsistency with regard to the document dates as to the Mortgage and the Note, and thus challenges the validity of the Mortgage. App. Brief at 520-21.

its duties as a servicer." *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bank. E.D.N.Y. 2008) (citing *In re Viencek*, 273 B.R. 354, 359 (Bankr. N.D.N.Y. 2002)); *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010).  Section 502(a) provides that a claim or interest, properly filed, is deemed allowed unless a party in interest objects.  11 U.S.C.S. § 502(a).

Bankruptcy Rule 3001(d) governs the substantive and procedural requirements for proof of claims against bankruptcy estates.  *See generally* Fed. R. Bankr. P. 3001.  Where "a security interest in property of the debtor is claimed," such as a mortgage, a "proof of claim shall be accompanied by evidence that the security interest has been perfected." *Id.* at (d).  When a creditor executes and files a proof of claim "in accordance with" the Rule 3001 that proof claim "shall constitute prima facie evidence of the validity and amount of the claim."  To the extent there is any objection to a prima facie valid proof of claim, it is on the objector to controvert.  *See In re Wythe Berry Fee Owner LLC,* No. 22-11340 (MG), 2023 Bankr. LEXIS 2369, at *5 (Bankr. S.D.N.Y. Sep. 27, 2023).  That is, to overcome a prima facie proof of claim, an objecting party must present to the Court evidence which, if believed, would "refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. at 773.  By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, there in turn shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, 2013 WL 5549643, at *13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Wythe*, 2023 Bankr. LEXIS 2369, at *5.

Under this rubric, the Court finds, *de novo*, that Wells Fargo has established prima facie showing of validity of its Proof of Claim.  Based upon the Record the original Mortgage held by

FFFC was valid and perfected,[4] because the FFFC took possession of the Note and the security

interest in the Mortgage was perfected by recording the Mortgage.   R. at 194,197,199; *see*

*Provident Bank v. Cmty. Home Mortg. Corp*., 498 F. Supp. 2d 558, 564 (E.D.N.Y. 2007);

*Sovereign Bank v. Strother*, No. 1:11-CV-1228 (LEK), 2013 U.S. Dist. LEXIS 89527, at *4

(N.D.N.Y. June 26, 2013).   Thereafter, the Note was properly assigned from FFFC to Wells Fargo

because Wells Fargo took possession of the Note and Mortgage.[5]   Wells Fargo's possession also

perfected its interest in being repaid as the assigned creditor.   R. at 214-316; Opp. at 548-49.

*Provident Bank v. Cmty. Home Mortg. Corp.*, 498 F. Supp. 2d 558, 564 (E.D.N.Y. 2007) ("Under

Article 9, there is no doubt that a security interest in a note is perfected by taking possession of the

note (citing NYUCC § 9–304(1))); *see In re Conde-Dedonato*, 391 B.R. at 252 ("There is no need

for a written assignment from the actual owner of the note and mortgage when it transfers its

interests by delivering the actual note and mortgage to the assignee.").

"In New York State . . .  an assignee can demonstrate standing [to file a proof of claim] by

attaching the note and mortgage to a Proof of Claim." *In re Minbatiwalla*, 424 B.R. at 109 (citing

N.Y. Real Prop.  Law.  § 244); *Zaratzian v. Bank of N.Y. Mellon (In re Zaratzian)*, No. 22-CV-

5343 (VB), 2023 U.S. Dist. LEXIS 39147, at *8 (S.D.N.Y. Mar. 8, 2023).   Therefore, Wells

Fargo/SPS has satisfied its evidentiary burden by filing the timely Proof of Claim[6] that attached

the original Note and Mortgage, written assignment of the Mortgage, proof that the Mortgage and

---

[4] "'[P]erfection' refers to the process by which a secured party puts third parties on notice of its interest, whereas 'enforcement' refers to the steps the secured party must take to realize its rights in the collateral." *Sovereign Bank v. Strother*, No. 1:11-CV-1228 (LEK), 2013 U.S. Dist. LEXIS 89527, at *4 (N.D.N.Y. June 26, 2013).

[5] As to the validity of the Note and the Mortgage, per the Proof of Claim submitted by Appellee Wells Fargo, the Record indicates that the original Note and Mortgage were both dated June 30, 2004, and that the notarization of the Mortgage took place on July 8, 2004.  *See* R. at 243, 248-301.  In addition to the original Note and Mortgage, Wells Fargo also provided to the Court the breakdown of the payment history going back to the date of default, principal balance due, Debtor's name and account number, charges and escrow deficiency amounts due, these facts asserted by Wells Fargo contribute to establishing the prima facie burden of the claim.  R. at 251-275; *In re Minbatiwalla*, 424 B.R. at 117 (Bankr. S.D.N.Y. 2010).

[6] SPS, as servicer of the loan, is clearly an authorized agent that can stand in for Wells Fargo in filing a proof of claim.  *See* Bankruptcy Rule 3001(b).

assignment were recorded, and evidence of Russo's default.  R. at 248-300; *Zaratzian*, U.S. Dist. LEXIS 39147, at *9.  The Note produced was endorsed in blank[7] by the original lender FFFC, making Wells Fargo's possession of it sufficient to demonstrate ownership.  *Id.*; R. at 245, 458.  This evidence is sufficient to establish prima facie validity of Wells Fargo's claim.

Therefore, given that a prima facie case has been established, the burden then shifts to Russo to produce evidence sufficient to negate prima facie validity.  *See Leonard v. HSBC Bank USA*, *NA*, 2021 WL 638201, at *4 (S.D.N.Y. Feb. 16, 2021).  The Court finds that Russo fails to provide any evidence to refute an essential claim.  Russo's arguments and conjecture regarding what the Bankruptcy Court Judge did or allegedly did not do are not evidence.  Furthermore, Russo's argument to the alleged invalidity of the Mortgage and Note due to an alleged inconsistency with regards to document dates ─ alone is not sufficient to overcome the prima facie burden.   Because Russo has not overcome the evidence with equal force, the claim is valid, and the Bankruptcy Court was right to dismiss/deny the objection.

**B.  Appellant Russo's Challenge to the Modification of Automatic Stay**

Equally without merit is Russo's argument that the Bankruptcy Court erred in lifting the automatic stay.  Section 362(d) of the Bankruptcy Code permits a court, upon the request of a "party in interest," and after notice and a hearing, to "grant relief from the stay . . . such as by terminating annulling, modifying, or conditioning such stay. . . for cause."  11 U.S.C. § 362(d)(1).  "Cause" may exist when there is a "lack of adequate protection of an interest in property."  11 U.S.C. § 362(d)(1).  In all cases, lifting a stay for cause is an "exercise of equitable discretion" and

---

[7] "New York law is clear that in order to have standing to file a proof of claim, or to foreclose on a mortgage, the holder of the note endorsed in blank must offer competent proof that it possesses the note."  *In re Idicula*, 484 B.R. 284, 287 (Bankr. S.D.N.Y. 2013); *In re Benyamin*, 587 B.R. 243, 248 (Bankr. S.D.N.Y. 2018) ("[u]nder New York law, delivery of the original Note endorsed in blank is effective to transfer ownership of the Note.").

as such "is reviewed for abuse of discretion." *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 19 (S.D.N.Y. 2012) (citing *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc.* (*In re Dairy Mart Convenience Stores, Inc.*), 351 F.3d 86, 91 (2d Cir. 2003)); *see also In re AMR Corp.*, 730 F.3d 88, 98 (2d Cir. 2013).  A bankruptcy court abuses its discretion when its decision "rest[s] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" or when the decision, "though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003) (brackets omitted); *Miles v. Chase Bank*, No. 20-CV-4748 (RPK), 2022 WL 842073, at *1 (E.D.N.Y. Jan. 24, 2022).

In objecting to the Bankruptcy Court's modification for the stay for cause, Russo rehashes his argument that the Proof of Claim was invalid because the Note and assignment of Mortgage are allegedly "invalid, non-binding, and defective and [are] a product of fraud," and thus the modification was erroneous from the beginning.  App. Brief at 521.  As just explained, this argument is without merit and thus is irrelevant here.  Wells Fargo argues there are grounds for finding relief in asserting that Russo and Juana defaulted on the monthly mortgage payments and that Russo's failure to make post-petition payments demonstrates there is not adequate protection of the interest in the secured Property.  R. at 191,244; Opp. at 555-56.

When reviewing the Bankruptcy Court's Automatic Stay Order, the Court finds no abuse of discretion.  When district courts consider whether relief from an automatic stay should have been granted by a bankruptcy court pursuant to Section 362(d)(1), the court considers whether cause exists.  "[T]he term 'for cause' [is] a broad and flexible concept that must be determined on a case-by-case basis." *Osuji v. Deutsche Bank, N.A.,* 589 B.R. 502, 508 (E.D.N.Y. 2018) (quoting *U.S. Bank Tr. Nat'l Assoc. v. Am. Airlines*, *Inc. (In re AMR Corp.),* 485 B.R. 279, 295 (Bankr.

S.D.N.Y. 2013)).  Section 362(d)(1) provides that "lack of adequate protection of an interest in

property of such party in interest" is grounds for finding cause.  11 U.S.C. § 362(d)(1).  "Courts in

this circuit have ruled that a debtor's failure to make mortgage payments can constitute sufficient

cause to modify an automatic stay [] as the debtor can be deemed to 'lack . . . adequate protection

of an interest in [the] property.'"  *Osuji*, 589 B.R. at 511 (cleaned up) (quoting *Campora v. HSBC*

*Bank USA, N.A. (In re Campora)*, Nos. 14-CV-5066, 14-CV-7123, 2015 U.S. Dist. LEXIS 117862,

2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015).

Here, it is undisputed that Russo has not made any post-petition payments.  *See* R. at 191,

244, 423.  Therefore, Wells Fargo's interest in the Property is not adequately protected.  Thus,

the Court agrees with the Bankruptcy Court that Russo's failure to make post-petition mortgage

payments constitutes 'cause' to modify the automatic stay.  *See* R. at 191; *In re Taylor*, 151 B.R.

646 (E.D.N.Y. 1993); *see also In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986) (holding

that "a debtor's failure to make mortgage payments after confirmation of the Chapter 13 plan is

sufficient grounds for lifting the stay without any further inquiry into adequate protection."); *In*

*re Campora*, 2015 U.S. Dist. LEXIS 117862, 2015 WL 5178823, at *5 (holding that cause

existed to lift the stay when "[appellant], in his appeal, offers no evidence to contradict

[appellee's] assertion that he was delinquent in his payments").

Regarding the order to modify the Automatic Stay with respect to the property for cause,

the Second Circuit in *Sonnax*, identified 12 factors to be weighed when considering whether

cause exists to modify the automatic stay under Section 362(d)(1).[8]  *Sonnax Indus., Inc. v. Tri*

---

[8] The factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the

*Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990).  A reviewing

court has significant discretion to apply the *Sonnax* factors as it sees fit based on the "facts

underlying a given motion."  *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002); *see also*

*Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) ("Not

every one of [the *Sonnax*] factors will be relevant in every case.  The ultimate determination

whether to lift a stay depends upon the facts underlying a given motion.") (citation omitted);

*Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280 (MKB), 2020 U.S. Dist. LEXIS

255490, at *12 (E.D.N.Y. Nov. 24, 2020).

     Although Appellant Russo's failure to make mortgage payments "on its own is sufficient

grounds for finding cause to lift the stay," *Osuji*, 589 B.R. at 512, the Court considered the

*Sonnax* factors and concludes that the relevant *Sonnax* factors support the Bankruptcy Court's

decision.[9]  Specifically, the stay relief would permit the New York Civil Court, Queens County

action to continue and would not interfere with the administration of  Russo's Chapter 13

bankruptcy case.  *See In re Everton Aloysius Sterling*, 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015)

(noting that lifting a stay to proceed with a foreclosure action in state court will "result in a

resolution of the issues relating to the [p]ropert[y] and will not significantly interfere with the

bankruptcy case").  Furthermore, courts in this district have recognized that state courts have the

expertise to address foreclosure issues, which are at issue in the bankruptcy proceedings.  *See*

*Osuji*, 589 B.R. at 511 (noting that the "state court has the expertise to address the foreclosure

issues"); *see also In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019) (noting that relief

---

parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms."  *In re Sonnax Indus.*, Inc., 907 F.2d at 1286.
[9] *See* Main Case, Automatic Stay Order, ECF 1, at 6-8.

from the automatic stay to allow adjudication of the foreclosure claims is appropriate because "[s]tate law issues clearly predominate in the [f]oreclosure [a]ction").

Therefore, the Court finds that the balance of harms favors Wells Fargo, given Russo's failure to make mortgage payments. *See Osuji*, 589 B.R. at 511 (holding that *Sonnax* factor 12 weighs in favor of appellees "in light of appellant's failure to make mortgage payments and the increasing cost to appellees"); *In re Everton Aloysius Sterling*, 543 B.R. at 394 (holding that the balance of the harms weighs "in the [m]ovant's favor, due to a lack of post-petition payments…").

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion when granting Wells Fargo's Motion for Stay Relief pursuant to Section 362(d)(1).[10] *See Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280 (MKB), 2020 U.S. Dist. LEXIS 255490, at *14-15 (E.D.N.Y. Nov. 24, 2020).

### C. *Rooker-Feldman* Doctrine

Furthermore, in addition to the failure on the Merits, Appellant Russo's challenges to the Proof of Claim Order and Stay Relief Order are also barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

---

[10] Section 1301(c)(1) of the Bankruptcy Code allows the Court to modify the automatic stay to the extent that "as between the debtor and the individual protected under subsection [1301(a)], such individual received the consideration for the claim held by such creditor." 11 U.S.C. § 1301(c)(1). Section 1301(c)(3) allows the Court to modify the automatic stay to the extent that "such creditor's interest would be irreparably harmed by continuation of such stay." 11 U.S.C. § 1301(c)(3). Therefore, "if the full debt is not paid through the plan, creditors are not forced to wait until the plan is complete to receive the money they are unquestionably owed from cosigners' and relief from the codebtor stay is appropriate." *In re Kolnberger*, 603 B.R. 253, 271 (Bankr. E.D.N.Y. 2019). Thus, relief from the co-debtor stay is also warranted. *Id.* Here, the Court also affirms the Bankruptcy Court's finding in that the record supports modification of the automatic stay for cause as to co-obligor Juana because she received consideration for SPS's claim. Therefore, the Court agrees that continuation of the automatic stay concerning the co-obligor would irreparably harm SPS's interest in the Property.

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283, 125 S. Ct. 1521-22 (2005)).

Appellant Russo argues that the Bankruptcy Court is overly focused on the *Rooker Feldman* test. *See* App. Reply at 579. Russo asserts that "[t]he Appellant is not the Plaintiff as I haven't filed a lawsuit in federal court. Appellant is simply the Debtor in chapter 13 asking the Court to review, examine and to hold the Appellee in compliance to the bankruptcy codes and statutes in POC #1, as this Court and the Trustee are obligated to do, and as they swore an oath to defend the federal rules." App. Brief at 522-23. Thereafter, Russo argues that "[he] never complained about [his] injuries from a state court judgment, nor did Appellant ask the Court to litigate a state judgment. Appellant merely provided a back story of events chronologically for the Court to have an idea of the history." *Id.* Conversely, Appellee Wells Fargo argues that by application of the *Rooker-Feldman* doctrine, Russo's objection to Wells Fargo's claim is barred given the validity of the loan documents and Wells Fargo's standing in the state court foreclosure action. Opp. at 553. The Court agrees with Appellee Wells Fargo.

The *Rooker-Feldman* doctrine applies when four requirements are satisfied: (1) the federal-court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Moise v. Ocwen Loan Servicing LLC (In re Moise)*, 575 B.R. 191, 200-01 (Bankr. E.D.N.Y. 2017) (quoting *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009)); *Lance v. Dennis*, 546 U.S. 459, 464, 126 S. Ct. 1198, 1200 (2006).

The Bankruptcy Court was correct in finding that all four requirements are satisfied and apply to both the appeal of Proof of Claim and Motion for Stay Relief. The record clearly shows

that: (1) Russo lost in the New York Civil Court, Queens County action; (2) Russo complains of injuries caused by the state court foreclosure judgment that determined his Property was subject to foreclosure; (3) Russo's arguments concerning Proof of Claim and the Automatic Stay "invite[s] [federal] court review and rejection of that judgment." *In re Moise*, 575 B.R. at 201 (quoting Green, 585 F.3d at 101); and (4) the state-court judgment was rendered on April 16, 2019, before the district court proceedings commenced on August 8, 2022.  R. at 68.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order granting the motion for relief from stay concerning 38-38 214th Place, Bayside, NY 11361, dated March 8, 2023, and order denying Russo's motion to object to Claim No. 1 filed by Select Portfolio Servicing, Inc., in the amount of $1,085,571.65, dated April 19, 2023, are both affirmed.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

_____/s/_____
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
       March 29, 2024